## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 25-20830-CIV-MOORE/Elfenbein

MORDECHAI KORF and
URIEL LABER,
                    Plaintiffs,

              v.
UNITED STATES DEPARTMENT
OF STATE,
                    Defendant.
_____ /

## ANSWER

Defendant United States Department of State ("State" or "Defendant"), by and through their undersigned counsel, hereby responds to the Complaint filed by Plaintiffs Mordechai Korf and Uriel Laber ("Plaintiffs") alleging violations of the Freedom of Information Act ("FOIA") (ECF No. 1).

## RESPONSES TO NUMBERED PARAGRAPHS OF THE COMPLAINT

Defendant denies all allegations in the Complaint, including the relief sought, except as specifically admitted in this Answer. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's responses are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiffs; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action.

Defendant responds to the separately numbered paragraphs and prayer for relief in the Complaint as follows:

1. This paragraph contains a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant admits that it is subject to the requirements of the FOIA.

## JURISDICTION AND VENUE[1]

2. This paragraph contains a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant admits that this Court has jurisdiction subject to the terms and limitations of the FOIA.

3. This paragraph contains a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to 5 U.S.C. § 552(a)(6)(C) for a complete and accurate statement of the statute's contents and otherwise denies any allegations inconsistent therewith.

4. This paragraph contains a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to 28 U.S.C. § 2201 *et seq*. for a complete and accurate statement of the statute's contents and otherwise denies any allegations inconsistent therewith.

5. This paragraph contains a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant admits that venue is proper in this district for a properly stated FOIA claim.

## PARTIES

---

[1] For ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent that a response is deemed required and to the extent those headings could be construed to contain factual allegations, those allegations are denied.

6. Defendant lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph.

7. Defendant lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph.

8. Defendant admits that it is an agency of the federal government and that it maintains a Passport Office at 1501 Biscayne Boulevard, Suite 400, Miami, FL 33132.

## STATUTORY FRAMEWORK

9-15. These paragraphs contain legal conclusions to which no response is required. To the extent a response is deemed required, the Defendant respectfully refers to the Court to the FOIA, 5 U.S.C. § 552(a), for a complete and accurate statement of the statute's contents, and denies any allegations inconsistent therewith.

## FACTUAL ALLEGATIONS

16-18. These paragraphs contain allegations that are not relevant to the claims and defenses in this action, consisting of Plaintiffs' characterization of ongoing civil and criminal litigation and media reports associated therewith, to which no response is required. To the extent a response is deemed required, the Defendant respectfully refers the Court to the ongoing litigation and associated media reports, which speak for themselves and are the best evidence of their contents, and denies any allegations inconsistent therewith.

19-34. These paragraphs contain allegations that are not relevant to the claims and defenses in this action, consisting of Plaintiffs' characterization of certain public records and documents obtained from FOIA requests, to which no response is required. To the extent a response is deemed required, the Defendant respectfully refers the Court to the public records

and documents, which speak for themselves and are the best evidence of their contents, and denies any allegations inconsistent therewith.

35. This paragraph contains allegations that are not relevant to the claims and defenses in this action, to which no response is required. The remaining allegations in this paragraph contain a characterization of Defendant's response to Plaintiffs' FOIA request; Defendant admits that, as of the date of this Answer, it has not provided a final response to Plaintiffs' request.

36. Defendant admits that Plaintiffs submitted a FOIA request to the Department on November 29, 2022, which it assigned request tracking number F-2023-02587. The remaining allegations contained in this paragraph consist of Plaintiffs' characterization of that FOIA request, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to a copy of that request, which speaks for itself and is the best evidence of its contents, and denies any allegations contained in this paragraph inconsistent therewith.

37. The allegations contained in this paragraph consist of Plaintiffs' characterization of that FOIA request, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to a copy of that request, which speaks for itself and is the best evidence of its contents, and denies any allegations contained in this paragraph inconsistent therewith.

38. The Department admits that it sent Plaintiffs an email on December 8, 2022, in which it denied Plaintiffs' request for expedited processing of the FOIA request. The remaining allegations contained in this paragraph consist of Plaintiffs' characterization of that email, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to a copy of that email, which speaks for itself and is the best

evidence of its contents, and denies any allegations contained in this paragraph inconsistent therewith.

39. The allegations contained in this paragraph consist of Plaintiffs' characterization of Defendant's December 8, 2022 email, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to a copy of that email, which speaks for itself and is the best evidence of its contents, and denies any allegations contained in this paragraph inconsistent therewith.

40. Defendant admits that it received an appeal of the Department's decision denying expedited processing dated December 9, 2022. The remaining allegations contained in this paragraph consist of Plaintiffs' characterization of the appeal, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to a copy of Plaintiffs' appeal, which speaks for itself and is the best evidence of its contents, and denies any allegations contained in this paragraph inconsistent therewith.

41. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant respectfully refers to the Court to 5 U.S.C. § 552(a)(6)(A) and (B), which speaks for itself and is the best evidence of its contents, and denies any allegations contained in this paragraph inconsistent therewith.

42. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegation.

43. Defendant admits that it sent Plaintiffs an email denying Plaintiffs' appeal of the denial of expedited processing on March 9, 2023.

44. Defendant admits that, as of the date of this Answer, it has not provided a final response to Plaintiffs' request.

45. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant respectfully refers to the Court to 5 U.S.C. § 552(a)(6)(C), which speaks for itself and is the best evidence of its contents, and denies any allegations contained in this paragraph inconsistent therewith.

## CLAIMS FOR RELIEF

46. Defendant realleges its responses to paragraphs 1 through 45 and incorporates them by reference as fully set forth herein.

47. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

48. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

49. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

50.  Defendant realleges its responses to paragraphs 1 through 45 and incorporates them by reference as fully set forth herein.

51. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

52. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

53. Defendant realleges its responses to paragraphs 1 through 45 and incorporates them by reference as fully set forth herein.

54. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

55. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

The paragraph beginning with "WHEREFORE" and containing subparts (a)-(f) contains Plaintiffs' prayer for relief, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in this paragraph and all its subparts and denies that Plaintiffs is entitled to the relief requested, or to any relief whatsoever.

## DEFENSES

Defendant alleges the following additional defenses to the Complaint. In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiffs. Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as facts and circumstances giving rise to this Complaint become known to Defendant through the course of this litigation.

### FIRST DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiffs' requests for relief that exceed the relief authorized by FOIA. *See* 5 U.S.C. § 552.

### SECOND DEFENSE

Plaintiffs is not entitled to compel production of records exempt from disclosure by one or more exemptions enumerated in the FOIA, 5 U.S.C. § 552(b), where disclosure would cause foreseeable harm.

### THIRD DEFENSE

Plaintiffs is not entitled to attorneys' fees and costs.

### FOURTH DEFENSE

Plaintiffs is not entitled to declaratory relief. 5 U.S.C. § 552(a)(4)(B).

Respectfully submitted,

HAYDEN O'BYRNE
UNITED STATES ATTORNEY

s/ Carlos Raurell
ASSISTANT U.S. ATTORNEY
99 N.E. 4th Street, 3rd Floor
Miami, Florida 33132
Tel: (305) 961-9243
Fla. Bar No. 529893
Email: carlos.raurell@usdoj.gov