UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-cv-20830 -MOORE/Elfenbein

MORDECHAI KORF and URIEL LABER,

       Plaintiffs,

vs.

UNITED STATES DEPARTMENT OF STATE,

       Defendant.
_____/

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. STATEMENT OF UNDISPUTED MATERIAL FACTS ....................................................... 2

III. LEGAL STANDARD .......................................................................................................... 6

IV. ARGUMENT ....................................................................................................................... 7

    A. FOIA Framework .......................................................................................................... 7

    B. USDOS Violated FOIA By Failing to Conduct An Adequate Search ............................ 9

    C. USDOS Violated FOIA By Failing to Respond Within the Statutory Timeframe ......... 9

    D. USDOS Violated FOIA By Withholding Non-Exempt Records .................................. 10

    E. USDOS's Two-and-a-Half-Year Delay Without Producing Any Documents Demonstrates a Lack of Due Diligence, and a Reasonable Court-Ordered Production Schedule Is Necessary ................................................................................................... 10

V. CONCLUSION .................................................................................................................. 13

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*2005 Robert Julien Fam. Delaware Dynasty Tr. v. Internal Revenue Serv.*,
  No. 23-CV-80756-RLR/BER, 2024 WL 678134 (S.D. Fla. Feb. 20, 2024) ............................ 12

*Am. Civil Liberties Union v. Dep't of Defense*,
  339 F. Supp. 2d 501 (S.D. N.Y. 2004) ................................................................................11, 12

*Citizens for Resp. & Ethics in Washington v. Fed. Election Comm'n*,
  711 F.3d 180 (D.C. Cir. 2013) .................................................................................. 8, 9, 10, 11

*Clemente v. Fed. Bureau of Investigation*,
  71 F. Supp. 3d 262 (D.D.C. 2014) ............................................................................................ 9

*Daily Caller News Foundation v. F.B.I.*,
  387 F. Supp. 3d 112 (D.D.C. 2019) ........................................................................................ 11

*Ely v. F.B.I.*,
  781 F.2d 1487 (11th Cir.1986) .................................................................................................. 7

*Fiduccia v. U.S. Dep't of Justice*,
  185 F.3d 1035 (9th Cir. 1999) ................................................................................................. 11

*Fla. Immigrant Advoc. Ctr. v. U.S. Dep't of State*,
  09-22689-CIV-MORENO, 2010 WL 11601021 (S.D. Fla. Apr. 8, 2010) ................................ 6

*Gyetvay v. U.S. Dep't of Justice*,
  No. 2:22-CV-571-JLB-KCD, 2024 WL 2740336 (M.D. Fla. Apr. 23, 2024) ....................11, 12

*John Doe Agency v. John Doe Corp.*,
  493 U.S. 146 (1989) .................................................................................................................. 6

*Long v. IRS*,
  693 F.2d 907 (9th Cir. 1982) ................................................................................................ 6, 7

*Nat. Res. Def. Council v. Dep't of Energy*,
  191 F. Supp. 2d 41 (D.D.C. 2002) .......................................................................................... 13

*Payne Enters. v. United States*,
  837 F.2d 486 (D.C. Cir. 1988) .................................................................................................. 6

*Ray v. U.S. Dep't of Justice, I.N.S.*,
  770 F. Supp. 1544 (S.D. Fla. 1990) .......................................................................................... 6


*Scott v. Internal Revenue Serv.*,
  No. 18-CV-81750, 2021 WL 2882014 (S.D. Fla. July 9, 2021) ........................................... 8, 10

*St. Andrews Park, Inc. v. U.S. Dep't of Army Corps of Eng'rs*,
  299 F. Supp. 2d 1264 (S.D. Fla. 2003) ....................................................................................... 7

*Villanueva v. U.S. Dep't of Justice*,
  19-23452-CIV, 2021 WL 5882995 (S.D. Fla. Dec. 13, 2021) .......................................... 7, 8, 12

**Statutes**

5 U.S.C. § 552 ................................................................................................................................. 1
5 U.S.C. § 552 (a)(4) ....................................................................................................................... 4
5 U.S.C. § 552(a)(3)(A) ......................................................................................................... 8, 9, 10
5 U.S.C. § 552(a)(4)(B) ................................................................................................................... 8
5 U.S.C. § 552(a)(4)(E) ................................................................................................................. 13
5 U.S.C. § 552(a)(6)(A) ................................................................................................................... 7
5 U.S.C. § 552(a)(6)(A)(i) ............................................................................................................... 8
5 U.S.C. § 552(a)(6)(A)(ii) ............................................................................................................ 10
5 U.S.C. § 552(a)(6)(A)(ii), (B)(i) ................................................................................................... 3
5 U.S.C. § 552(a)(6)(C)(i) .............................................................................................................. 11

**Rules**

Fed. R. Civ. P. 56(a) ........................................................................................................................ 6

iii

Pursuant to this Court's April 18, 2025 Order Setting Procedures and Deadlines in Freedom of Information Act Cases (ECF No. 8), Plaintiffs Mordechai Korf and Uriel Laber ("Plaintiffs") respectfully move for summary judgment against Defendant United States Department of State ("USDOS") for violating the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiffs request that the Court order USDOS to produce all responsive, non-exempt records within six months, or alternatively, at a rate of 5,000 pages per month.

## I. INTRODUCTION

Plaintiffs are entitled to summary judgment because the U.S. Department of State ("USDOS") failed to timely search for, review, and produce non-exempt records responsive to Plaintiffs' FOIA request submitted on November 29, 2022. Despite the passage of four months since the filing of this lawsuit on February 21, 2025, USDOS has yet to produce a single document. Remarkably, it did not begin running searches until March 2025—nearly two and a half years after receiving the FOIA request. USDOS has acknowledged that 80,092 documents matched the responsive search terms, yet not one has been produced to date.

Plaintiffs seek nothing more than for USDOS to fulfill its statutory obligations under FOIA by completing production of the responsive, non-exempt documents. Plaintiffs respectfully request that the Court order USDOS to complete this production within six months or, in the alternative, at a rate of 5,000 pages per month. This proposed schedule is both reasonable in light of USDOS's prolonged and unjustified delay, and consistent with production rates commonly ordered by courts in similar cases.

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

Plaintiffs submitted an expedited request under the FOIA to USDOS on November 29, 2022. Ex. A, "FOIA Request"[1]. The request sought documents and communications concerning Plaintiffs and the nationalization of PrivatBank in Ukraine, a matter of significant public interest and political scrutiny. ECF No. 1, ¶ 18. Specifically, the FOIA Request sought the following records:

a) "Documents and communications relating to or discussing the nationalization of PrivatBank in Ukraine from 2015-present";

b) "Documents and communications relating to or discussing potential fraud, insider dealing, or misconduct in PrivatBank in Ukraine from 2014-present";

c) "Documents and communications relating to or discussing Ihor Kolomoisky from 2014-present";

d) "Documents and communications relating to or discussing Gennadiy Boholiubov from 2014-present";

e) "Documents and communications relating to or discussing Mordechai Korf from 2014-present";

f) "Documents and communications relating to or discussing Uriel Laber from 2014-present";

g) "Documents and communications relating to the following companies from 2014-present: Optima Ventures, LLC; Optima Acquisitions, LLC; Optima Specialty Steel, Inc.; Zaporozhye Ferroalloy Plant; Joint Stock Company Nikopol Ferroalloy Plant; Open Joint Stock Company Ordzhonikidze Mining Factory ('OGZK VAT'); Glowston Products Ltd; Southern Mining and Processing Plaint Joint Stock Company; Open Joint Stock Company Marganets Ore Enrichment Plant ('Marganetckij GZK VAT'); Open Joint Stock Company Stakhanov Ferroalloy Plant ('SZF VAT'); Joint Stock Company Zaporizhzhia Ferroalloy Plant; Dniproazot Open Joint Stock Corporation ('DniproazotOJSC'); Ukrtatnafta TPPK PAT, TD Dnipro Plast Limited ('TD Dnipro Plast Ltd.')."

---

[1] Citations to "Ex. __" refer to the exhibits attached to the Declaration of Robert T. Dunlap in support of Plaintiffs' Motion for Summary Judgment, filed concurrently herewith.

2

Ex. A at 1-2.

On December 8, 2022, USDOS denied the FOIA Request on the basis that Plaintiffs did not demonstrate a "compelling need" for the requested information, and stated "[t]his Office will not be able to respond within the 20 days provided by the statute due to 'unusual circumstances.'" Ex. B. Specifically, USDOS claimed that "the unusual circumstances include the need to search for and collect requested records from other Department offices or Foreign Service posts." *Id.* USDOS placed the FOIA Request "in the complex processing track" and stated that "it will be processed as quickly as possible." *Id.* But that was not true. USDOS did not actually begin running any searches until March 2025 — after this lawsuit was filed — and still has not produced a single document. *See* Ex. C.

On December 9, 2022, Plaintiffs' undersigned counsel submitted an appeal, which was delivered on December 12, 2022, requesting the Office to reconsider its decision, grant the appeal, and expedite the FOIA Request. *See* Ex. D; Ex. E. USDOS had twenty days to make a determination as to the appeal, and a ten-day extension if there were "unusual circumstances." 5 U.S.C. § 552(a)(6)(A)(ii), (B)(i). Thus, the deadline to respond to Plaintiffs' appeal was no later than January 11, 2023, taking into account the ten-day extension. On March 9, 2023, USDOS denied Plaintiffs' appeal as to expedited treatment of the FOIA Request. Ex. F. In the March 9, 2023 denial correspondence, USDOS stated "that the Department takes its FOIA responsibilities very seriously and we are processing this request in as timely a manner as possible." *Id.* USDOS also assured that "[a]ll appropriate offices have been advised of your interest in this matter." *Id.* The letter stated "[t]his represents the Department's final determination on expedited processing and exhausts all administrative remedies available to

3

you. As you may know, you have the right to seek judicial review of this determination under 5 U.S.C. § 552 (a)(4)." *Id.*

After two years had passed with USDOS producing no documents whatsoever, on February 21, 2025, Plaintiffs filed this Complaint alleging three causes of actions for violations of FOIA: (1) failure to conduct an adequate search; (2) failure to respond within the statutory timeframe; and (3) failure to disclose non-exempt records. ECF No. 1, ¶¶ 46-55. On April 8, 2025, USDOS filed an unopposed motion for extension of time to respond to the Complaint, which was granted.

On April 15, 2025, counsel for USDOS reached out to the undersigned and confirmed that USDOS had not begun running searches responsive to Plaintiffs' FOIA Request until March 2025. *See* Ex. C.

On April 18, 2025, the Court entered its Order Setting Procedures and Deadlines in Freedom of Information Act Cases. ECF No. 8. The Order requires Plaintiffs to file a motion for summary judgment.

On April 21, 2025, USDOS filed its Answer to Plaintiffs' Complaint ("Answer"). ECF No. 9. In its Answer, USDOS admitted that: (1) "Plaintiffs submitted a FOIA request to the Department on November 29, 2022, which it assigned request tracking number F-2023-02587"; (2) "The Department admits that it sent Plaintiffs an email on December 8, 2022, in which it denied Plaintiffs' request for expedited processing of the FOIA request"; (3) "Defendant admits that it received an appeal of the Department's decision denying expedited processing dated December 9, 2022."; (4) "Defendant admits that it sent Plaintiffs an email denying Plaintiffs' appeal of the denial of expedited processing on March 9, 2023."; (5) "Defendant admits that,

4

as of the date of this Answer, it has not provided a final response to Plaintiffs' request." Answer, ¶¶ 36, 38, 40, 43-44.

On April 25, 2025, counsel for USDOS advised the undersigned that USDOS had run a first set of searches, which revealed a total of 80,092 potentially responsive documents (60,855 of which were unclassified and 19,237 of which were classified). Ex. I.

On May 7, 2025, Plaintiffs conferred with USDOS and asked that USDOS prioritize production of the subparts G and F of Plaintiffs' FOIA Request, which request "Documents and communications relating to or discussing Mordechai Korf from 2014-present" and "Documents and communications relating to or discussing Uriel Laber from 2014-present." Ex. G. In an effort to facilitate the production, Plaintiffs agreed that USDOS could use a November 29, 2022 cutoff date to limit the scope of the search. Ex. H. Plaintiffs further agreed that USDOS may "exclude material created in furtherance of the Department's defense in the ongoing ICSID arbitration Optima v. USA," including "[e]xcluding emails from custodians within the Office of the Legal Adviser for Claims and Investment Disputes (L/CID)," as well as "[e]xcluding emails from custodians within the Office of Information Access Programs (the office which handles FOIA processing)." Ex. I. Ultimately, for subparts G and F, only 500 potentially responsive documents were identified. Ex. K. USDOS has not produced a single one of those documents, despite Plaintiffs asking that they be prioritized for production on May 7, 2025. *See* Ex. G. Plaintiffs' effort to obtain these records in good faith prior to this summary judgment filing was rejected. Ex. K.

On May 28, 2025, counsel for USDOS proposed staying the action while USDOS processed records responsive to the FOIA Request at a rate of 450 pages every six weeks. Ex. L. On June 5, 2025, Plaintiffs responded and explained that the USDOS' proposal was

5

inadequate. Ex. K. Under USDOS' proposal, assuming each document has an average of 3 pages, at a rate of 450 pages every six weeks, the full production won't be processed for 61 years *Id.* Producing only the 500 emails relating to Korf and Laber will take the USDOS five months. *Id.* On June 6, 2025, USDOS filed its Motion for Stay of Action While Defendant Department of State Processes Underlying FOIA Request. ECF No. 10.

For the reasons stated below, Plaintiffs respectfully request that the Court Order the USDOS to produce the requested records without further delay.

### III.  LEGAL STANDARD

The "fundamental principle of" FOIA is "public access to government documents," *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 151 (1989), which is based on the notion that citizens have a right to know what their government is doing. *Fla. Immigrant Advoc. Ctr. v. U.S. Dep't of State*, 09-22689-CIV-MORENO, 2010 WL 11601021, at *2 (S.D. Fla. Apr. 8, 2010) ("The purpose of FOIA 'is to encourage public disclosure of information so citizens may understand what their government is doing.'").

A party is entitled to summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As a matter of law, "unreasonable delays in disclosing non-exempt documents violate the intent and purpose of the FOIA, and the courts have a duty to prevent [such] abuses." *Payne Enters. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) (quoting *Long v. IRS*, 693 F.2d 907 (9th Cir. 1982)). Indeed, "broader injunctive relief is appropriate to enforce FOIA provisions" including claims for "injunctive relief appropriate to prevent lengthy delays." *Ray v. U.S. Dep't of Justice, I.N.S.*, 770 F. Supp. 1544, 1551 (S.D. Fla. 1990). A court therefore may use its equitable powers to require the agency to process documents according to a court-imposed

timeline. *Long*, 693 F.2d at 910 (concluding that an agency's unreasonable delay in disclosing non-exempt documents violates the FOIA and "courts have a duty to prevent these abuses"); *Villanueva v. U.S. Dep't of Justice*, 19-23452-CIV, 2021 WL 5882995, at *3 (S.D. Fla. Dec. 13, 2021) (O'Sullivan, J.) ("unreasonable delays in disclosing non-exempt documents violate the intent and purpose of the FOIA, and the courts have a duty to prevent [such] abuses.").

### IV.  ARGUMENT

#### A.  FOIA Framework

"The Freedom of Information Act, referred to as 'FOIA,' is 'primarily an access and disclosure statute.'" *St. Andrews Park, Inc. v. U.S. Dep't of Army Corps of Eng'rs*, 299 F. Supp. 2d 1264, 1267 (S.D. Fla. 2003) (quoting *Ely v. F.B.I.*, 781 F.2d 1487, 1489–90 (11th Cir.1986)). "It provides for wide-ranging citizen access to government documents and presumes them subject to disclosure absent a clear showing to the contrary." *Id.* In furtherance of its purpose to encourage open government, FOIA imposes strict deadlines on agencies to provide responsive documents to FOIA requests." 5 U.S.C. § 552(a)(6)(A). The statutory framework of FOIA was not intended to allow agencies to refuse to search for (let alone produce) documents responsive to FOIA requests for more than two and a half years.

An agency must comply with a FOIA request by issuing a determination within 20 business days after receipt of the request, notifying that party of at least the agency's determination of whether or not to fulfill the request, and of the requester's right to appeal the agency's determination to the agency head. *Id.* § 552(a)(6)(A)(i). "[I]n order to make [this] 'determination' . . . the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal

whatever portion of the 'determination' is adverse." *Citizens for Resp. & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013); *accord Villanueva*, 2021 WL 5882995, at *3 n.4. If an agency fails to comply with the timing requirements under the statute, a federal court is authorized to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B).

The process was summarized in *Citizens for Resp. and Ethics in Washington v. Fed. Election Comm'n.*, in which the D.C. Circuit stated:

> An agency usually has 20 working days to make a "determination" with adequate specificity, such that any withholding can be appealed administratively. 5 U.S.C. § 552(a)(6)(A)(i). An agency can extend that 20–working–day timeline to 30 working days if unusual circumstances delay the agency's ability to search for, collect, examine, and consult about the responsive documents. *Id.* § 552(a)(6)(B). Beyond those 30 working days, an agency may still need more time to respond to a particularly burdensome request. If so, the administrative exhaustion requirement will not apply. But in such exceptional circumstances, the agency may continue to process the request, and the court (if suit has been filed) will supervise the agency's ongoing progress, ensuring that the agency continues to exercise due diligence in processing the request. *Id.* § 552(a)(6)(C).

711 F.3d at 189.

Making a determination within the statutory time period "does not require actual *production* of the records to the requester at the exact same time that the 'determination' is communicated to the requester." *Id.* at 188 (emphasis in original). FOIA gives the agency "some additional time to physically redact, duplicate, or assemble for production the documents that it has already gathered and decided to produce." *Id.* at 189. And although some additional time may be warranted, FOIA still requires the agency to "make the records promptly available.'" *Id.* (citing 5 U.S.C. § 552(a)(3)(A)). "Promptly available," although context dependent, "typically would mean within days or a few weeks of a 'determination,' **not months or years**." *Id.* at 188 (emphasis added); *see Scott v. Internal Revenue Serv.*, No. 18-CV-81750, 2021 WL

8

2882014, at *9 (S.D. Fla. July 9, 2021) (same). "[U]nreasonable delays in disclosing non-exempt documents violate the intent and purpose of the FOIA, and the courts have a duty to prevent such abuses." *Clemente v. Fed. Bureau of Investigation*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014). "A court therefore may use its equitable powers to require the agency to process documents according to a court-imposed timeline." *Id.*

### B. USDOS Violated FOIA By Failing to Conduct An Adequate Search

USDOS admits it did not even begin running searches in response to Plaintiffs' FOIA Request until two and a half years after the FOIA Request was submitted. Ex. C. While an agency need not produce all of the requested documents within the statutory time period, "the agency must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Washington*, 711 F.3d at 186. Because USDOS did not conduct a search for nearly two and a half years, it violated FOIA and failed to make a "determination" within the statutory required timeframe as a matter of law. *See id.* at 188 (to make a determination, the agency must "gather and review the documents"). It is undisputed (indeed, admitted) that USDOS failed to take any action on Plaintiffs' Request until March of 2025. Ex. C. Because it is undisputed that USDOS failed to conduct an adequate search until nearly two and a half years after Plaintiffs' FOIA Request, USDOS violated FOIA. *See* 5 U.S.C. § 552(a)(3)(A).

### C. USDOS Violated FOIA By Failing to Respond Within the Statutory Timeframe

USDOS failed to timely respond to Plaintiffs' appeal as to the expedited treatment of the FOIA Request. Plaintiffs submitted their expedited request on November 29, 2022. Ex. A. On December 8, 2022, USDOS denied the FOIA Request on the basis that Plaintiffs did not

demonstrate a "compelling need" for the requested information, and stated "[t]his Office will not be able to respond within the 20 days provided by the statute due to 'unusual circumstances.'" Ex. B. The next day, on December 9, 2022[2], Plaintiffs submitted an appeal and asked the Office to reconsider its decision, grant the appeal, and expedite the FOIA Request. Ex. D. USDOS had twenty days to make a determination as to the appeal, 5 U.S.C. § 552(a)(6)(A)(ii), and at most, a ten-day extension. *Id.* at § 552(a)(6)(B)(i). Thus, the deadline for USDOS to respond to Plaintiffs' appeal was no later than January 11, 2023. *Id.* It wasn't until two months after the statutory deadline—on March 9, 2023—that USDOS denied Plaintiffs' appeal. Ex. F. Thus, it is undisputed that USDOS failed to timely respond to Plaintiffs' appeal as to the expedited treatment of the FOIA Request.

### D. **USDOS Violated FOIA By Withholding Non-Exempt Records**

It is undisputed that it has been almost two and a half years and the USDOS has *yet to produce a single document* in response to Plaintiffs' FOIA Request. It is also undisputed that USDOS was required to "make the records promptly available" under FOIA. 5 U.S.C. § 552(a)(3)(A). "Promptly available" is "not months or years." *Scott*, 2021 WL 2882014, at *9; *Citizens for Responsibility & Ethics in Wash.,* 711 F.3d at 189. Since USDOS has yet to produce non-exempt documents, USDOS failed to comply with (and is in violation of) FOIA.

### E. **USDOS's Two-and-a-Half-Year Delay Without Producing Any Documents Demonstrates a Lack of Due Diligence, and a Reasonable Court-Ordered Production Schedule Is Necessary**

USDOS should timely complete review and production of the records responsive to Plaintiffs' request. "[O]nce in court, an agency may further extend its response time by means of the 'exceptional circumstances' safety valve. That provision says that if exceptional

---

[2] The appeal was delivered on December 12, 2022. Ex. E.

circumstances exist and an agency 'is exercising due diligence in responding to the request,' a court may grant the agency 'additional time to complete its review of the records.'" *Citizens for Responsibility and Ethics in Washington,* 711 F.3d at 188 (quoting 5 U.S.C. § 552(a)(6)(C)(i)). However, any such delay must be limited, lest it thwart the purpose of FOIA and become "tantamount to denial." *Am. Civil Liberties Union v. Dep't of Defense*, 339 F. Supp. 2d 501, 504 (S.D. N.Y. 2004). Waiting two and a half years without producing *any* documents — let alone even performing a *search* — is tantamount to denial and on its face does not constitute due diligence.

"Exceptional circumstances do not 'include a delay that results from a predictable agency workload of requests . . . unless the agency demonstrates reasonable progress in reducing its backlog of pending requests.'" *Gyetvay v. U.S. Dep't of Justice*, No. 2:22-CV-571-JLB-KCD, 2024 WL 2740336, at *1 (M.D. Fla. Apr. 23, 2024). "'Routine, predictable agency backlogs for FOIA requests do not constitute exceptional circumstances.'" *Id*. "Accordingly, it is not sufficient that an agency receives a high number of FOIA requests or has a large backlog of requests to which it must respond." *Daily Caller News Foundation v. F.B.I.*, 387 F. Supp. 3d 112, 116 (D.D.C. 2019).

Here, USDOS entirely ignored Plaintiffs' FOIA Request. It did not initiate a search until after Plaintiffs were forced to file a lawsuit, and still not a single document has been produced. USDOS' proposal is to *process* (not even produce) documents at a rate of 450 pages every six weeks. Ex. J. USDOS has identified approximately 80,092 documents that are potentially responsive to Plaintiffs' FOIA Request. Ex. I. Assuming USDOS processes 450 pages every six weeks, and that each document is approximately three pages, it would take approximately 3,201 weeks – or **61 and a half years** – just to process the 80,092 documents. *See Fiduccia v. U.S.*

11

*Dep't of Justice*, 185 F.3d 1035, 1041 (9th Cir. 1999) ("[P]eople who file Freedom of Information Act requests in 1986, revised and clarified in 1993, cannot be made to wait until 2001."). USDOS now expects Plaintiffs to accept its proposed processing schedule without objection, despite the fact that Plaintiffs have already waited two and a half years without the production of a single document—and were previously assured, inaccurately, that "the [USDOS] takes its FOIA responsibilities very seriously and [is] processing this request in as timely a manner as possible." Ex. F. In reality USDOS had not even *searched* for any documents at that time and did not search for any documents until this lawsuit was filed.

Under these circumstances, the Court should order USDOS to produce all responsive documents within 6 months or, alternatively, at a rate of 5,000 pages a month. *See Villanueva*, 2021 WL 5882995, at *4 (ordering defendants to produce 5,125 pages per month and finding that "the defendants' proposed production schedule at a regular rate of 500 pages per month is woefully inadequate"); *Gyetvay*, 2024 WL 2740336, at *3 ("the Tax Division is not yet halfway through its first-level review *two years* after Gyetvay filed his request. That timeline can hardly be described as diligent"); *2005 Robert Julien Fam. Delaware Dynasty Tr. v. Internal Revenue Serv.*, No. 23-CV-80756-RLR/BER, 2024 WL 678134, *3 (S.D. Fla. Feb. 20, 2024) (finding production schedule insufficient when it would take more than three more years (after pending for more than 4 years), which would exceed the longest production period from 2022: 4.6 years). Moreover, courts often find that one to two months is sufficient time for an agency to process broad FOIA requests that may involve classified or exempt material. *See, e.g., Am. Civil Liberties Union*, 339 F. Supp. 2d at 505 (despite the fact that national security issues were raised by the FOIA request at issue, ordering production of all responsive documents within one month and noting that "[t]his schedule provides a reasonable time for the government to respond to

plaintiffs' requests"); *Nat. Res. Def. Council v. Dep't of Energy*, 191 F. Supp. 2d 41, 43 (D.D.C. 2002) (ordering the "vast majority" of the processing to be completed within 32 days and noting that the "Government can offer no legal or practical excuse for its excessive delay in responding to that request and providing documents to which [Plaintiff] is legally entitled").

## V. CONCLUSION

The Court should grant Plaintiffs' Motion for Summary Judgment in favor of Plaintiff, by issuing the following:

(1) An Order granting summary judgment in favor of Plaintiffs Mordechai Korf and Uriel Laber and ordering the USDOS produce all responsive documents within 6 months or, alternatively, produce documents at a rate of 5,000 pages per month until the production of all responsive documents is complete; and

(2) An Order finding Plaintiffs Mordechai Korf and Uriel Laber have substantially prevailed and granting them entitlement to reasonable attorneys' fees and costs at the appropriate time pursuant to 5 U.S.C. § 552(a)(4)(E), as well any other and further relief as the Court may deem just and equitable.

Dated: June 27, 2025                Respectfully submitted,

/s/*Robert T. Dunlap*
Robert T. Dunlap, Esq.
Florida Bar No. 119509
FREEDMAN NORMAND FRIEDLAND LLP 1 SE 3rd Avenue, Suite 1240
Miami, FL 33131
rdunlap@fnf.law

*Counsel for Plaintiffs*

13