UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-20830-MOORE/Elfenbein

**MORDECHAI KORF**, *et al*,

    Plaintiffs,

v.

**UNITED STATES DEPARTMENT OF STATE**,

    Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION TO STAY ACTION

**THIS CAUSE** is before the Court on Defendant United States Department of State's ("Defendant") Motion to Stay Action (the "Motion"), ECF No. [10]. The Honorable K. Michael Moore referred this matter to the undersigned "to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters." *See* ECF No. [4]. The Court has carefully reviewed the Motion, Plaintiffs Mordechai Korf and Uriel Laber's (collectively, "Plaintiffs") Response in Opposition to the Motion (the "Response"), ECF No. [14], Defendant's Reply in Support of the Motion (the "Reply"), ECF No. [17], Plaintiffs' Sur-Reply in Opposition (the "Sur-Reply"), ECF No. [25], and the record in this case. The Motion is now ripe for review.

**I.  BACKGROUND**

This matter arises from a Freedom of Information Act ("FOIA") dispute between Plaintiffs and Defendant. *See* ECF No. [1] at ¶1. It is undisputed that, on November 29, 2022, Plaintiffs submitted a FOIA request to Defendant seeking documents concerning themselves and the circumstances surrounding the nationalization of PrivatBank in Ukraine on an expedited basis. *See*

ECF No. [1] at ¶36; ECF No. [10] at 1; ECF No. [17-1] at ¶21.  The request included multiple subparts, some of which referenced other individuals and entities.  *See* ECF No. [1] at ¶37; ECF No. [10] at 1, 4.  It is also undisputed that, on December 8, 2022, Defendant acknowledged receipt of the request, denied Plaintiffs' request for expedited processing, and instead placed it in the "complex processing track."  *See* ECF No. [1] at ¶39; ECF No. [10] at 1; ECF No. [17-1] at ¶21.  Defendant also advised Plaintiffs that, due to "unusual circumstances," it could not respond within FOIA's statutory 20-day deadline.  *See* ECF No. [1] at ¶39; ECF No. [10] at 1; ECF No. [17-1] at ¶21.  The Parties agree that between November 2022 and early 2025, no records were produced.  *See* ECF No. [1] at ¶44; ECF No. [10] at 1.

On February 21, 2025, Plaintiffs filed the present action, asserting that Defendant failed to comply with FOIA's requirements.  *See* ECF No. [1] at ¶44; ECF No. [10] at 1.  Specifically, Plaintiffs included three claims under FOIA: (1) failure to conduct an adequate search under 5 U.S.C. § 552(a)(3)(C); (2) failure to respond to request within statutory timeframe under 5 U.S.C. § 552(a)(6)(A)(ii)-(iii) and (a)(6)(B); and (3) failure to disclose non-exempt records under 5 U.S.C. § 552(a)(3).  *See* ECF No. [1] at 9-10.  In or around April 2025, Defendant eventually requested that Plaintiffs narrow their request.  *See* ECF No. [10] at 3; ECF No. [14] at 2, 8.  Plaintiffs agreed to initially prioritize two subparts of the request, which sought records relating to the two Plaintiffs.  *See* ECF No. [10] at 4; ECF No. [14] at 2, 8; ECF No. [17] at 1-2.

On June 6, 2025, Defendant filed the Motion requesting this action be stayed pending completion of its processing of Plaintiffs' FOIA request, citing the volume of responsive material, the complexity of review, and competing demands from other FOIA cases.  *See* ECF No. [10] at 4-6; ECF No. [17] at 3-8.  In its Motion, Defendant states that it "expects to be able to make its first production of responsive, non-exempt material to Plaintiffs on or around July 24, 2025, and

will endeavor to process material at a rate of 450 pages per six weeks." *See* ECF No. [10] at 1-2. Defendant also argues that "[a]ny motions for summary judgment filed *before* the agency has 'had a chance to provide the court with the information necessary to make a decision on the applicable exemptions' would be premature." *See id*. at 6 (emphasis in original). Defendant requests "a stay of this action and/or the briefing schedule in place" and "that they be permitted to submit a joint status report to the Court on August 21, 2025, and every 60 days thereafter, updating the Court as to the status of the Defendant's search and the processing of responsive material." *See id*.

On June 27, 2025, Plaintiff filed its Response arguing that the stay is an attempt to avoid judicial scrutiny of Defendant's prolonged delay. *See* ECF No. [14] at 1. Plaintiffs assert that Defendant has failed to produce a single document over the past two-and-a-half years. *See id*. at 1, 5. They highlight that, despite identifying approximately 80,000 potentially responsive documents, Defendant only began searches after Plaintiffs filed suit in 2025 — 28 months after receiving the request. *See id*. at 2. Plaintiffs argue the request for a stay is legally deficient because Defendant (1) has not demonstrated "exceptional circumstances" required under FOIA to justify a stay, relying instead on routine backlog and workload issues which courts consistently reject; and (2) has not shown due diligence given its extreme delay and failure to act promptly upon receipt of the FOIA request. *See id*. at 4-5. Plaintiffs also refute Defendant's claim that summary judgment is premature, emphasizing that courts routinely handle FOIA delays through summary judgment to enforce compliance. *See id*. at 5-6. They further detail their extensive efforts to narrow the scope of the FOIA request, reducing the priority documents to only 500 emails; yet, Defendant has still not produced anything. *See id*. at 8. Finally, Plaintiffs contend Defendant's proposed processing rate (450 pages every six weeks) is unreasonable, as it would take over 60 years to complete production. *See id*. at 8-9. They ask the Court to deny the Motion, proceed with

summary judgment briefing, and order the Department to produce documents within six months or at a rate of 5,000 pages per month. *See id*. at 3, 9.

On July 14, 2025, Defendant filed its Reply[1] again arguing that a stay is warranted due to its asserted heavy FOIA workload, the large number of potentially responsive records, and the need for additional time to process documents before the Court addresses summary judgment. *See* ECF No. [17] at 1-2. Defendant states that Plaintiffs' demand for a processing rate of 5,000 pages per month would disproportionately divert resources from other requests, potentially delaying responses to those that predate their own and could compromise the careful review process necessary to protect exempt information. *See id*. at 6-7. Additionally, Plaintiffs failed to identify a public interest served by the FOIA request and thus failed to state a basis for expedited processing. *See id*. at 8-9. Defendant reiterates that a stay is warranted while Defendant processes the request, as the current record is not fully developed to support dispositive motions. *See id*. at 9-10. Defendant anticipates completing production of the first two subparts within six months and plans to work with Plaintiffs to refine the remaining requests. *See id*. at 10. Thus, any motions for summary judgment would be premature until all responsive non-exempt materials are produced. *See id*.

Plaintiffs thereafter filed a Motion to Strike Defendant's Reply, citing the introduction of numerous new legal arguments and a substantial declaration. *See* ECF No. [19]. In light of this,

---

[1] In support, Defendant attached an affidavit from Susan C. Weetman, the Senior Advisor for the Information Access Programs Directorate of the United States Department of State (the "Weetman Affidavit"). *See* ECF No. [17-1]. The Weetman Affidavit attests to: Defendant's standard procedures for processing FOIA requests; what caused the delay in processing Plaintiffs' request; the processing rate given limited resources; and efforts to reduce backlog and improve efficiency; and it asserts that Plaintiffs' requested rate would impose a significant hardship on Defendant's FOIA program. *See id*. Defendant argues that its processing rate of 300 pages per month is reasonable due to its limited resources and the extensive work required to process FOIA requests. *See* ECF No. [17] at 3-6.

the Court *sua sponte* ordered that Plaintiffs file a sur-reply. *See* ECF No. [21]. In compliance with the Court's Order, on August 1, 2025, Plaintiffs filed their Sur-Reply arguing that nearly three years have passed since Plaintiffs submitted their FOIA request and Defendant has still not produced a single responsive document. *See* ECF No. [25] at 1. In support, Plaintiffs attach an affidavit from their counsel stating that, as of August 1, 2025, Defendants have not produced any documents or provided any update or explanation as to the lack of document production. *See* ECF No. [25-1] at ¶4. Plaintiffs contend that Defendant's delays violate FOIA's intent, citing a lack of document production despite the request pending for over two and a half years, and arguing that backlog and workload do not constitute exceptional circumstances under FOIA. *See id*. at 3-5. Even if backlog and workload were sufficient bases, the alleged "surge" in FOIA requests since 2023 does not justify the delay in processing Plaintiffs' December 2022 request as Plaintiffs' earlier request would be prioritized under Defendants' "first-in, first-out" system. *See id*. at 5. Plaintiffs refute Defendant's claim that the record is insufficient for dispositive motions, stating that courts do not tolerate indefinite delays by agencies, even if no exemptions have been claimed. *See id*. at 6. Finally, Plaintiffs proceed to distinguish Defendant's cited cases regarding arguments of overburdening risk, mistaken release, deference to agency policies, and the court's consideration of subjective motive. *See id*. at 6-9.

On August 4, 2025, Defendant filed a Notice of FOIA Production stating that, on July 24, 2025, Defendant produced records in response to Plaintiffs' FOIA request (the "Notice"). *See* ECF No. [26]. Defendant further stated that it only discovered that Plaintiffs had not received these records after reviewing the Sur-Reply. *See id*. According to the Notice, Defendant resent the records via email to Plaintiffs' counsel on August 4, 2025. *See id*.

## II. LEGAL STANDARD

Under FOIA, agencies must promptly provide records to any person who submits a request that reasonably describes the records and adheres to the agency's published rules regarding the request process. *See* 5 U.S.C. § 552(a)(3)(A). Within 20 business days after receipt of a request, an agency must determine whether to fulfill the request and notify the requester of the agency's determination. *See* § 552(a)(6)(A)(i). In "unusual circumstances," an agency may delay its response to a FOIA request but must provide notice setting forth the unusual circumstances and "the date on which a determination is expected to be dispatched," which shall not be more than ten working days. *See* § 552(a)(6)(B)(i).

Subsection (a)(6)(B)(ii) provides that if an agency requires more than ten working days, the agency shall provide the requester "an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *See* § 552(a)(6)(B)(ii). "Refusal by the person to reasonably modify the request or arrange such an alternative time frame shall be considered as a factor in determining whether exceptional circumstances exist for purposes of subparagraph (C)." *See id*.

"Under FOIA, '[i]f an agency fails to make the determination [as to whether to comply with the FOIA request] within the statutory timeframe (within 20 working days or 30 working days in unusual circumstances), the requestor may sue to enforce compliance with the statute.'" *Villanueva v. United States Dep't of Justice*, No. 19-CV-23452, 2021 WL 5882995, at *3 (S.D. Fla. Dec. 13, 2021) (quoting *Seavey v. Dep't. of Justice*, 266 F. Supp. 3d 241, 244 (D. D.C. 2017) (quoting 5 U.S.C. § 552 (a)(6)(C) (internal quotations omitted)). "The Court then has the authority

to oversee and supervise the agency's progress in responding to the request." *See id*. (quoting *Seavey,* 266 F. Supp. 3d at 244 (internal quotations omitted).

"If the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records." *See* § 552(a)(6)(C)(i). "[T]he term 'exceptional circumstances' does not include a delay that results from a predictable agency workload of requests under this section, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests."[2] *See* § 552(a)(6)(C)(ii). An agency must demonstrate that the number of requests received during the relevant period was genuinely "unforeseen and remarkable." *See Gyetvay v. United States Dep't of Justice*, No. 22-CV-571-JLB-KCD, 2024 WL 2740336, at *1 (M.D. Fla. Apr. 23, 2024) (quoting *Daily Caller News Foundation v. F.B.I.*, 387 F. Supp. 3d 112, 116 (D.D.C. 2019) (internal quotations omitted). Merely having a high volume of FOIA requests or a significant backlog is insufficient to show exceptional circumstances. *See id*. (quoting *Daily Caller*, 387 F. Supp. 3d at 116).

If exceptional circumstances are found, the agency must also demonstrate due diligence in processing the FOIA request. *See* § 552(a)(6)(C)(i). Courts in this district have held that "responding to requests on a 'first-come, first-served basis,' satisfies the 'due diligence' requirement unless the plaintiff has some exceptional or urgent need for the information." *Cohen*, 831 F. Supp. at 854 (citing *Open America*, 547 F.2d 605); *Ray*, 770 F. Supp. at 1550; *Gyetvay*,

---

[2] Effective October 2, 1997, Congress added language defining "exceptional circumstances" to exclude "delay that results from a predictable agency workload of requests . . . unless the agency demonstrates reasonable progress in reducing its backlog of requests." *Compare* § 552(a)(6)(C)(ii)(1996) *with* § 552(a)(6)(C)(ii)(1998). Accordingly, cases decided prior to this amendment that discuss exceptional circumstances are outdated. *E.g.*, *Cohen v. F.B.I.*, 831 F. Supp. 850, 852 (S.D. Fla. 1993); *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C.Cir.1976); *Ray v. U.S. Dep't of Justice, I.N.S.*, 770 F. Supp. 1544, 1549 (S.D. Fla. 1990).

2024 WL 2740336, at *3. "Exceptional need has been found in cases involving individuals facing immediate deportation hearings, when information was needed for an upcoming criminal trial, and when the information was needed to aid a post-judgment attack of a conviction for which the requestor was serving time." *Cohen*, 831 F. Supp. at 854 (citing *Ray*, 770 F. Supp. 1544; *Cleaver v. Kelley*, 427 F. Supp. 80 (D.D.C. 1976); *Ferguson v. F.B.I.*, 722 F. Supp. 1137 (S.D.N.Y. 1989)).

**III.   DISCUSSION**

To warrant a stay of this action, Defendant must show: (1) exceptional circumstances beyond predictable agency workload unless it demonstrates reasonable progress in reducing its backlog, *see* § 552(a)(6)(C)(ii); and (2) due diligence, which can be satisfied by responding to requests on a first-come, first-served basis, *see Cohen*, 831 F. Supp. at 854; *Gyetvay*, 2024 WL 2740336, at *3.  *See* § 552(a)(6)(C)(i).

   **A.  Exceptional Circumstances**

To qualify as exceptional, Defendant must prove that the volume of requests received during the relevant period was genuinely unforeseen and remarkable, rather than predictable agency workload. *See* § 552(a)(6)(C)(ii); *Gyetvay*, 2024 WL 2740336, at *1; *Daily Caller*, 387 F. Supp. 3d at 116; *Elec. Frontier Foundation v. Dep't of Justice*, 517 F. Supp. 2d 111, 117 (D.D.C. 2007). Simply having a high number of FOIA requests or a large backlog is inadequate to establish exceptional circumstances. *See id.* A predictable volume of requests can only serve as an exceptional circumstance if Defendant can show reasonable progress in reducing its backlog of requests. *See* § 552(a)(6)(C)(ii).

Defendant's principal arguments — that the volume and complexity of Plaintiffs' FOIA request and competing demands from other FOIA cases constitute exceptional circumstances — amount to routine administrative burdens associated with a large workload. Indeed, the Weetman

Declaration describes predictable and long-standing trends, not unforeseen or remarkable events as required by 5 U.S.C. § 552(a)(6)(C)(ii).  The Weetman Declaration points to a growing number of FOIA requests year over year, *see* ECF No. [17-1] at ¶33, an exponential increase in electronic records over the past decade, *see id*. at ¶32, and staffing shortages due to budget cuts and part-time employment caps, *see id*. at ¶¶37-42.  These conditions described have developed over time and reflect systemic challenges, not sudden or extraordinary disruptions.  The reference to the COVID-19 pandemic, *see id*. at ¶33, is outdated in this context, because the effects of COVID-19, five years later, are foreseeable and not an extraordinary circumstance.

Courts have repeatedly held that increasing workloads, budget constraints, and backlogs are insufficient to justify delay, *see Gyetvay*, 2024 WL 2740336, at *1, unless the agency shows reasonable progress in reducing its backlog, which the Defendant has not done, as its backlog has "continued to grow."  *See id*. at ¶33.  Defendant states that, from 2019 to 2025, it tripled its processing speed, but received double the number of requests, and its backlog has continued to increase.  *See id*. at ¶33.  While the Defendant may be making efforts to manage its caseload, the continued growth of its backlog indicates it has not made the progress required to invoke the "exceptional circumstances" defense.  Defendant has not provided any credible evidence of meaningful progress toward backlog reduction, relying instead on conclusory statements, and has not, therefore, satisfied the exceptional circumstances requirement.

### B.  Due Diligence

Courts in this District have held that responding to requests on a first-come, first-served basis satisfies the due diligence requirement unless the plaintiff has some exceptional or urgent need for the information.  *Cohen*, 831 F. Supp. at 854 (citing *Open America*, 547 F.2d 605); *Ray*, 770 F. Supp. at 1550; *Gyetvay*, 2024 WL 2740336, at *3.  Instances in which courts have found

an exceptional or urgent need for FOIA disclosures have occurred where the requester required information for an imminent deportation hearing, an upcoming criminal trial, or a challenge to a conviction while currently serving a sentence. *Cohen*, 831 F. Supp. at 854; *Ray*, 770 F. Supp. 1544; *Cleaver*, 427 F. Supp. 80; *Ferguson*, 722 F. Supp. 1137. Here, Defendant attests that it processes FOIA requests "on a first-in, first-out basis within each of three request tracks: expedited, simple, and complex." *See* ECF No. [17-1] at ¶6. Moreover, Plaintiffs do not argue that there is an exceptional or urgent need to process their request. Instead, Plaintiffs argue that due diligence "does not apply to the facts of this case because 'unreasonable delays in disclosing nonexempt documents violate the intent and purpose of the FOIA, and the courts have a duty to prevent [such] abuses.'" *See* ECF No. [14] at 3 (quoting *Villanueva*, 2021 WL 5882995, at *3).

In *Gyetvay*, defendant claimed to process FOIA requests on a first-come, first-served basis within a two-tiered system for simple and complex requests. 2024 WL 2740336, at *3. The court noted that this scheme typically meets the "due diligence" standard. *See id*. The processing records defendant submitted, however, show it resolved 85 requests filed after the plaintiff's including 17 complex requests (the same track as plaintiff's). *See id*. Since those later-filed complex requests were processed ahead of the plaintiff's, it raised doubt about whether defendant actually followed its stated procedures and exercised due diligence in handling his request. *See id*. The court also noted that two years after the plaintiff filed his request the defendant was less than halfway through its first-level review, finding that this "can hardly be described as diligent." *See id*.

Similarly, in *Villanueva*, the court found the production of 500 pages per month to be "woefully inadequate under the circumstances." 2021 WL 5882995, at *4. The court based this conclusion on several facts, including that the defendant had only produced 500 of 21,000

10

responsive pages in three and a half years, the defendant failed to justify withholding the remaining pages, and the defendant failed to provide a Vaughn index or declaration, despite committing to a specific deadline to do so.  2021 WL 5882995, at *4.

Here, Defendant failed to provide processing records to demonstrate that it is actually following its claimed first-come, first-served policy.  Instead, Defendant relies on conclusory statements regarding its general procedures, without specific reference to Plaintiffs' request.  *See* ECF No. [17-1] at ¶6.  In fact, the Weetman Declaration fails to address any actions taken to process Plaintiffs' request before February 2025 other than a search for responsive records in December 2022, and it remains unclear to the Court whether Plaintiffs' pre-suit request was indeed placed in the queue given the failure to produce a single document for two and a half years until after Plaintiffs filed this lawsuit.  *See id*. at ¶23.  Additionally, the Weetman Declaration discusses an increase in requests in 2023.  *See id*. at ¶33.  Plaintiffs point out that "[a]ny post-2022 influx of FOIA requests is irrelevant and does not justify the Defendant's failure to process Plaintiffs' request."  *See* ECF No. [25] at 5.  The Court agrees as any influx in cases in 2023 would, in theory, not impact Defendant's document production in response to Plaintiffs' request (if the Defendant is following the first-come, first-served policy).  Without more, Defendant fails to establish that it has complied with its first-come, first-served procedure.

As to Plaintiffs' primary argument, the Court agrees that Defendant has not shown due diligence to warrant a stay of the proceedings.  Plaintiffs' request has been pending for over two years, and Defendant only recently produced *some* records.  *See* ECF No. [25] at 7; ECF No. [26].  In Defendant's Notice, it fails to state how many documents or pages were produced in this first production or how many remain outstanding.  *See* ECF No. [26].  In the Weetman Declaration, Defendant states that it expects to make its "first" production on July 24, 2025, which will be approximately 450 of the 3,345 pages for subparts 5 and 6 of the FOIA request.  *See* ECF No. [17-

11

1] at ¶29.  Defendant "anticipates that it will conclude production *of the first two subparts* of the request . . . within approximately six months . . . ." *See* ECF No. [17] at 2, 10 (emphasis added). Defendant attests that the initial search for all subparts identified over 80,000 potentially responsive documents.  *See* ECF No. [17-1] at ¶27.  Like the production in *Villanueva*, this production is but a small portion of responsive documents to Plaintiffs' entire request.  Such delays indicate a lack of diligent effort to process Plaintiffs' request in a timely manner.  *See Gyetvay*, 2024 WL 2740336, at *3.

Defendant's claim that Plaintiffs contributed to the delay by initially failing to clarify their request is unpersuasive as the record evidence shows that Defendant engaged Plaintiffs in "narrowing discussions" only after the filing of this lawsuit in February 2025.  *See* ECF No. [17-1] at ¶27; ECF No. [17] at 1; ECF No. [10] at 1.  Even after Plaintiffs agreed to narrow and prioritize specific subparts, ultimately reducing the initial request from tens of thousands of documents to only 500 priority emails, Defendant has still failed to fully produce those subparts. *See* ECF No. [17] at 2, 10; ECF No. [26]; ECF No. [14] at 8.  In short, the Court finds that Defendant has fallen short of demonstrating its due diligence.

Because Defendant has neither demonstrated exceptional circumstances nor shown that it has acted with due diligence, a stay of these proceedings is not justified.

### C. Summary Judgment Is Not Premature

Finally, Defendant contends that summary judgment determinations are premature at this time because it has not provided the Court with information needed to assess FOIA exemptions. *See* ECF No. [10] at 6.  This argument, however, ignores the claims that are at issue in Plaintiffs' Complaint and Motion for Summary Judgment.  Plaintiffs are not asking the Court to evaluate the validity of any FOIA exemptions.  *See generally* ECF No. [1]; ECF No. [13].  Rather, in their

12

Complaint, Plaintiffs are asking the Court to find that Defendant: (1) failed to conduct an adequate search under 5 U.S.C. § 552(a)(3)(C); (2) failed to respond to their request within the statutory timeframe under 5 U.S.C. § 552(a)(6)(A)(ii)-(iii) and (a)(6)(B); and (3) failed to disclose non-exempt records under 5 U.S.C. § 552(a)(3). *See* ECF No. [1] at 9-10. And a preliminary review of the issues raised on summary judgment reveal that they relate to Defendant's alleged failure to act on Plaintiffs' FOIA request prior to the filing of the lawsuit and not to some future action that the Defendant has not yet taken, such as the filing of FOIA exemptions. *See* ECF No. [13] at 13-14. And the Motion for Summary Judgment further asks the Court to enter a production scheduling order requiring Defendant to "produce all responsive documents within 6 months or, alternatively, produce documents at a rate of 5,000 pages per month until the production of all responsive documents is complete." *See* ECF No. [13] at 17. Courts routinely consider and grant relief addressing agency delays in FOIA cases. *See Villanueva*, 2021 WL 5882995, at *4; *Gyetvay*, 2024 WL 2740336, at *3; *Clemente v. FBI*, 71 F. Supp. 3d 262, 268-69 (D.D.C. 2006); *Seavey*, 266 F. Supp. 3d at 244. In doing so, courts have dealt with agency processing rates through several procedural vehicles, including motions for summary judgment. *See Seavey*, 266 F. Supp. 3d at 244 (addressing plaintiff's motion for partial summary judgment).

Defendant's reliance on *Miscavige v. IRS*, 2 F.3d 366 (11th Cir. 1993), is misplaced because that case addresses whether affidavits adequately support an agency's claimed exemptions, rather than the appropriateness of summary judgment to resolve agency delays. Indeed, "[t]his Court 'may use its equitable powers to require the agency to process documents according to a court-imposed timeline.'" *Seavey*, 266 F. Supp. 3d at 245 (quoting *Clemente*, 71 F. Supp. 3d at 269); *Villanueva*, 2021 WL 5882995, at *3. Additionally, "[c]ourts have found that 'unreasonable delays in disclosing non-exempt documents violate the intent and purpose of the

13

FOIA, and the courts have a duty to prevent [such] abuses.'" *Villanueva*, 2021 WL 5882995, at *3 (quoting *Clemente*, 71 F. Supp. 3d at 268-69) (internal quotations omitted)); *Seavey*, 266 F. Supp. 3d at 245. Given the issues as framed by the Complaint and the Court's power to address these issues, the Court finds that summary judgment is not premature at this time. And because a stay is not warranted, the Court finds it appropriate for summary judgment briefing to continue.

## IV. CONCLUSION

For the reasons set forth above, it is **ORDERED and ADJUDGED** that Defendant's Motion to Stay, **ECF No. [10]**, is **DENIED**. The Parties **SHALL** proceed with briefing on Plaintiffs' Motion for Summary Judgment as provided by this Court's Order Granting Defendant's Motion for Extension of Time to Respond to Plaintiffs' Motion for Summary Judgment and File Its Own Motion for Summary Judgment, ECF No. [22], and this Court's Order Setting Procedures and Deadlines in Freedom of Information Act Cases, ECF No. [8]. Accordingly, Defendant **SHALL** file its response to Plaintiffs' Motion for Summary Judgment and file any motions for summary judgment **within 14 days** of the date of this Order.

And because the Court allowed Plaintiffs to address the new information contained in the Reply by way of their Sur-Reply, Plaintiffs' Motion to Strike Defendant's Reply, **ECF No. [19]**, is **DENIED**.

**DONE and ORDERED** in Chambers in Miami, Florida on August 7, 2025.

.  _____
**MARTY FULGUEIRA ELFENBEIN
UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record